IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

GORDON ALEXANDER BOWMAN,

      Petitioner,

v.                                                                    Civil Action No. 3:08cv52

BRYAN WATSON,

      Respondent.

### MEMORANDUM OPINION

Petitioner Gordon Alexander Bowman, a Virginia state prisoner proceeding *pro se*, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Bowman claims that his conviction was improper because the knife used to kill the victim had no fingerprints on it. Bowman states that he wants "to present an appeal of his conviction" and asks that "appropriate copies be forwarded to the Virginia Court of Appeals as required by law." (Pet. 6.) Respondent has filed a motion to dismiss and served Bowman with an appropriate *Roseboro*[2] notice.

On May 22, 2008, the Court ordered Bowman to show cause why his Petition should not be dismissed. Bowman has not responded. The time for briefing elapsed, and the matter is ripe for adjudication.

---

[1] 28 U.S.C. § 2254(a) states in relevant part:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

[2] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

## I. Procedural History

On January 17, 2007, Bowman was convicted of first degree murder and arson in the Circuit Court of Prince Edward County (the "Circuit Court"). The Circuit Court imposed a sentence of two terms of life imprisonment.

On March 28, 2007, Bowman, by his attorney Thomas M. Jones, filed a notice of appeal in the Circuit Court.

On May 31, 2007, Bowman, by Jones, filed a direct appeal to the Court of Appeals. In this petition for appeal, Bowman challenged his conviction on two bases: (1) the Circuit Court committed reversible error by allowing the Commonwealth to introduce evidence that Bowman recently had been released from prison; and, (2) insufficient evidence to establish premeditation existed.

Also on May 31, 2007, Jones filed a motion for extension of time for Bowman to file a supplemental petition for appeal, and a motion to withdraw. In a letter to Bowman dated May 29, 2007, Jones explained that ethically, he was obligated to file Bowman's Petition for Appeal. Jones informed Bowman that he was filing a motion to withdraw because he did "not feel there were any justifiable issues that can be supported by the record" for the appeal. (Pet. Ex. 1, May 29, 2007 Jones Letter to Bowman ("May 29, 2007 Letter").) Jones also explained that if the Court of Appeals "feel[s] there are issues that justify review, [it] will deny my Motion to Withdraw and instruct me to continue on as your appellate counsel in these matters." (May 29, 2007 Letter.)

The Court of Appeals granted Bowman's motion for an extension of time to file a supplemental petition for appeal on June 5, 2007. The Court of Appeals directed Bowman to file

his supplemental petition by June 20, 2007. Bowman failed to file any further documents or pleadings with the Court of Appeals. On September 19, 2007, the Court of Appeals denied Bowman's petition for appeal and granted Jones's motion to withdraw.

On January 17, 2008, Bowman filed a petition for writ of habeas corpus in the United States District Court for the Western District of Virginia. (Docket No. 1.) The Western District transferred the case to the Eastern District of Virginia on January 18, 2008. On February 11, 2008, Bowman filed a second petition for writ of habeas corpus. (Docket No. 11.) By Memorandum Order dated February 25, 2008, the Court ordered that Bowman's February 11, 2008 petition supplant Bowman's January 17, 2008 petition.

## II. Discussion

"In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing," a state prisoner must exhaust all available state remedies before he can apply for federal habeas relief. *Matthews v. Evatt*, 105 F.3d 907, 910 (4th Cir. 1997); *see also* 28 U.S.C. § 2254(b)(1)(A) (barring the granting of habeas corpus relief unless it appears that "the applicant has exhausted the remedies available in the courts of the State"). To exhaust state court remedies, a petitioner must present his or her claims to a state's highest court before raising them in a federal habeas petition. *Matthews*, 105 F.3d at 911. Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (*citing Brown v. Allen*, 344 U.S. 443, 447 (1953)).

The Virginia Court of Appeals denied Bowman's direct appeal. He did not appeal this decision to the Supreme Court of Virginia. He also has not filed a petition for a writ of habeas corpus in any of the state courts of Virginia. Because he has not presented his claim to the Supreme Court of Virginia, he has not exhausted his claim.

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (*citing Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). Furthermore, a federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (*quoting Coleman*, 501 U.S. at 735 n.1). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, this Court is precluded from reviewing the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

Here, Bowman's claim would be barred by the rule in *Slayton v. Parrigan*, 205 S.E.2d 680 (Va. 1974), because it should have been, but was not, raised on direct appeal to the Supreme Court of Virginia. *Slayton* is an adequate and independent state procedural rule when so applied. *See Mu'Min v. Pruett*, 125 F.3d 192, 196-97 (4th Cir. 1997). Thus, Bowman's claim is procedurally defaulted. Bowman does not advance any reason for excusing his default.

To the extent Bowman seeks to have this Court forward documents to another court for filing, he misapprehends the proper role of this Court.  No such relief shall be granted.

### III.  Conclusion

For the above reasons, Respondent's Motion to Dismiss (Docket No. 15) will be GRANTED, and the Petition (Docket No. 11) will be DISMISSED.

An appropriate Order shall issue.

/s/ M. Hannah Lauck
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 2/17/09